UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00609-FDW-DCK

| MARVIN JAMES, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| OMNI CHARLOTTE HOTEL, DAJON LEVERETTE, AND STEPHEN WATTS, | ) |
| | ) |
| Defendants. | ) |

THIS MATTER is before the Court upon Defendants' Motion to Dismiss (Doc. No. 9) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because Plaintiff appears *pro se*, the Court issued a Roseboro notice (Doc. No. 15) informing Plaintiff of the burden he carries in responding to Defendants' Motion. Plaintiff has responded (Doc. No. 16), and this matter is now ripe for review. For the reasons stated below, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss (Doc. No. 9).

I. BACKGROUND

According to the complaint, Plaintiff Marvin James is employed by Omni Charlotte Hotel. (Doc. No. 1 at 2). Plaintiff filed charges with the EEOC (Doc. No. 1-1 at 4) against Defendants in this matter on October 1, 2018, alleging he had been harassed because of his disability, race, and religion. Plaintiff also alleged to the EEOC that he had been subject to retaliation. Id. The EEOC gave Plaintiff "Notice of Right to Sue" (Doc. No. 1-1 at 3) on October 4, 2018. Plaintiff then filed his Complaint (Doc. No. 1) on November 14, 2018, asserting he had been "attacked by a [sic] employee" and continues to be "harassed because I am a Muslim and black and disabled." (Doc.

1

No. 1 at 3-4). Plaintiff claims the discriminatory conduct occurred on the basis of his race, religion, and disability because "Dajon Leverette crack [sic] my rib on 9/22/18" and "Steven Watts – constantly me [sic] fun of my appearance … and enage [sic] other employees to harass me." Id. at 4. In response to Defendants' Motion to Dismiss for Failure to State a Claim (Doc. No. 9) filed on January 2, 2019, Plaintiff timely filed a "Motion to respond to Defendants Motion to dismiss" (Doc. No. 16) on January 10, 2019. In this Response, Plaintiff alleges "[e]mployment records at Omni will show that I forewarned, and made numerous reports to HR Human Resources that I was being harassed" and that Omni has a "track record of discrimination." Id.

## II. DISCUSSION

The Fourth Circuit has held "that supervisors are not liable in their individual capacities for Title VII violations." Abeles v. Metro. Wash. Airports Auth., 676 F. App'x 170, 177 (4th Cir. 2017) (citing Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998)). Furthermore, the Fourth Circuit has held "the ADA does not permit an action against individual defendants for retaliation for conduct protected by the ADA." Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999).

Here, Defendants Leverette and Watts move to dismiss Plaintiff's Title VII and ADA claims against them because "individuals cannot be sued for discrimination under Title VII or the ADA." (Doc. No. 10, pg. 8). Plaintiff sued Leverette and Watts in their individual capacity, not in their official capacity (Doc. No. 1). Plaintiff named Leverette as an employee and Watts as a manager, but he did not allege any facts showing either individual Defendant is an employer as defined under Title VII. Under the Fourth Circuit's precedent, Plaintiff cannot sue the individual Defendants as alleged. Therefore, the Court dismisses without prejudice the Title VII claims against defendants Dajon Leverette and Stephen Watts.

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520, (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, a *pro se* plaintiff must articulate facts that, when accepted as true, demonstrate the plaintiff has stated a claim entitling him to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). When *pro se* plaintiffs allege a civil rights violation, the district court may allow amendment of the complaint to "insure that constitutional deprivations are redressed and that justice is done." Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

In light of Plaintiff Marvin Jones' *pro se* status, the Court has liberally construed Plaintiff's response (Doc. No. 16) to Defendants' Motion to Dismiss (Doc. No. 9) as a motion to amend Plaintiff's complaint because Plaintiff appears to include new allegations not found in his Complaint against Defendant Omni Charlotte Hotel. For example, Plaintiff's Response states Plaintiff "forewarned" Omni, "reported the harassments" on numerous occasions to Omni, and that Omni has a "track record of discrimination." (Doc. No. 16). Plaintiff may not simply add such allegations to his already existing Complaint as he attempts to do through his Response. Additionally, "this Court may not and will not write Plaintiff's Complaint for him." Nixon v. Doe, No. 3:15-cv-370, 2016 WL 593828 at n.1 (W.D.N.C. Feb. 12, 2016). The Court therefore grants

3

leave to amend so that Plaintiff can include these new allegations in one Amended Complaint. The Court notes Plaintiff must file an Amended Complaint containing all claims he intends to bring in this action against all Defendants he intends to sue. Such filing is due no later than April 26, 2019. Plaintiff's Amended Complaint must be complete in and of itself because it will supersede the original Complaint. Failure to comply with these directives could result in summary dismissal of the claims. Plaintiff is also reminded of the above-cited Fourth Circuit precedent noting that any attempts to add individual defendants in their personal capacities as defendants in his Amended Complaint for a Title VII claim will be futile.

## III. CONCLUSION

For the reasons stated above, Defendants' motion (Doc. No. 9) is GRANTED IN PART AND DENIED IN PART. Plaintiff's Response to Defendant's Motion to Dismiss (Doc. No. 16) is construed liberally as a request to amend Plaintiff's complaint. Therefore, Defendant's Motion to Dismiss regarding Omni Charlotte Hotel is DENIED without prejudice to allow Plaintiff to file an Amended Complaint no later than April 26, 2019. Defendants' Motion to Dismiss is GRANTED as to Plaintiff's Title VII and ADA claims against Defendants Dajon Leverette and Stephen Watts, and these claims are DISMISSED without prejudice.

IT IS SO ORDERED.

Signed: April 11, 2019

Frank D. Whitney
Chief United States District Judge