# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-609-MOC-DCK

| | |
|---|---|
| **MARVIN JAMES,** | )<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) **ORDER**<br>) |
| **OMNI CHARLOTTE HOTEL, DAJON LEVERETTE, and STEPHEN WATTS,** | )<br>)<br>) |
| **Defendants.** | )<br>)<br>) |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiff's "Request subpoena" / "Motion To Compel" (Document No. 19) filed April 24, 2019. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will deny the motion.

The Court has construed Plaintiff's filing as a "motion to compel." Plaintiff's one paragraph "motion" seeks the "release[of] any and all records pertaining to myself."[1] (Document No. 19). Plaintiff suggests that Defendant Omni Charlotte Hotel refused to provide any responsive information, and now seeks the Court's assistance. Id.

In response, Defendant Omni Hotel notes that "Plaintiff has not submitted any requests for production of documents (which would be premature in any event), Omni is happy to provide Plaintiff with his personnel records." (Document No. 24).

As Defendant correctly suggests, Court-enforceable discovery has not begun in this case. "Court-enforceable discovery does not commence until issues have joined and Scheduling Order

---

[1] Please see Local Rule 7.1 regarding the requirement for motions in a civil case.

has been entered." Local Rule 16.1(f). As such, the undersigned will decline to compel any discovery at this stage of the litigation; however, the undersigned commends Defendant's commitment to promptly provide *pro se* Plaintiff with his personnel records.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion To Compel" (Document No. 19) is **DENIED WITHOUT PREJUDICE**.

Signed: May 9, 2019

David C. Keesler
United States Magistrate Judge