UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00609-FDW-DCK

| | | |
|---|---|---|
| MARVIN JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| OMNI CHARLOTTE HOTEL, | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court upon Defendants' Motion to Dismiss (Doc. No. 22) Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has failed to respond to the motion and the time for doing so has long expired. In accordance with the principles set forth in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court has previously informed Plaintiff of the burden he carries in responding to a motion to dismiss. (Doc. No. 15). In that order, Plaintiff was advised the failure to respond to a motion to dismiss could result in Defendant bring granted the relief sought – dismissal of the Complaint. (Id.) Nevertheless, Plaintiff has failed to respond.

The Court has reviewed the Amended Complaint, Defendant's Motion to Dismiss, and the applicable law. In sum, "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) ... . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009) (citing Andrew v. Clark, 561 F.3d 261, 266 (4th Cir. 2009)). The complaints of self-represented litigants are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is

charged with liberally construing a complaint filed by a self-represented litigant to allow the development of a potentially meritorious case, see Erickson v. Pardus, 551 U.S. 89 (2007). Although courts must liberally construe pro se complaints, threadbare recitals of the elements of a cause of action and mere conclusory statements with insufficient factual allegations, even when asserted by a pro se plaintiff, will not suffice for a claim to survive a motion to dismiss pursuant to Rule 12(b)(6). Nelson v. Seterus, Inc., 2016 WL 3438518, at *1 (W.D.N.C. June 14, 2016) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Because Plaintiff appears *pro se*, the Court has liberally construed the allegations of the Complaint in determining whether it contains "enough facts to state a claim for relief that is plausible on its face." McDaniel v. Bailey, 710 F. App'x 604, 605 (4th Cir. 2018).

With these standards in mind, the Court DENIES Defendant's motion as to Plaintiff's claims for a hostile work environment and retaliation.

As to Plaintiff's Claim for failure to accommodate a disability, Plaintiff has failed to state a claim for relief for the reasons stated in Defendant's Memorandum in Support of its Motion (Doc. No. 23, pp. 8-9.) It is well settled that in order to state a cognizable claim, Plaintiff must allege he has a disability. Cox v. Civista Med. Ctr., 16 F. App'x 185, 186 (4th Cir. 2001). A disability is defined as: (A) a physical or mental impairment that substantially limits one or more of an individual's major life activities; (B) a record of such an impairment; or (C) being regarded as having such an impairment. Id. (citing 42 U.S.C.A. § 12102; other citations omitted). Other than Plaintiff's broad assertion that "I am disabled," (Doc. No. 18, p. 2.) Plaintiff's complaint contains insufficient factual matter to state a claim to relief that is plausible on its face. Moreover, Plaintiff must also show a failure to accommodate this disability. Nothing in Plaintiff's Amended Complaint, even liberally construed, indicates an allegation or basis to support such allegation.

Accordingly, Defendant's Motion to Dismiss this claim is GRANTED, and Plaintiff's claim for failure to accommodate a disability is DISMISSED without prejudice.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. No. 22) is GRANTED IN PART and DENIED IN PART.

The Clerk is respectfully directed to provide Plaintiff with notice of the Pro Se Settlement Assistance Program and the deadlines for opting into that Program. Should Plaintiff not timely opt-in, the parties should immediately confer and submit a Certification and Report of Fed. R. Civ. P. 26(f) Conference and Proposed Discovery Plan.

IT IS SO ORDERED.

Signed: August 20, 2019

Frank D. Whitney
Chief United States District Judge